**NATIONAL AUTO. TRANSPORTERS ASS'N et al.**

v.

**UNITED STATES et al.**

No. 12819.

United States District Court, E. D. Michigan, S. D.

May 13, 1954.

---

Matheson, Dixon & Brady, Detroit, Mich., for National Automobile Transporters Ass'n.

Foster & Meadows, Detroit, Mich., for Nicholson Transit Co.

Robert D. Brooks, Kenneth H. Lundmark, and Richard J. Murphy, New York City (George H. Wyatt, Detroit, Mich., of counsel), for New York Cent. R. Co.

E. Riggs McConnell, Special Asst. to the Atty. Gen., Washington, D. C., Frederick W. Kaess, U. S. Dist. Atty., Detroit, Mich., for the United States.

Isaac K. Hay, Assistant Chief Counsel Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Before SIMONS, Chief Circuit Judge, and PICARD and THORNTON, District Judges.

PER CURIAM.

We feel it unnecessary to repeat the facts since we need only determine whether there was reasonable basis for the Interstate Commerce Commission's action approving certain reduced rates submitted by railroad interveners. Virginian Ry. v. United States, 272 U.S. 658, 47 S.Ct. 222, 71 L.Ed. 463; Miss. Valley Barge Line Co. v. United States, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260; Rochester Tel. Corp. v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147. The Commission found that the proposed tariff was compensatory and the reduction in rates necessary because of a competitive disability.

Since it would serve no fruitful purpose to herein set forth all evidence before the Commission, we merely hold that there was oral and documentary proof to support its order. It is not the province of this court to make rates nor to weigh the evidence upon which the Commission acted. Rochester Tel. Corp. v. United States, supra; Alton R. Co. v. United States, 315 U.S. 15, 62 S.Ct. 432, 86 L.Ed. 586; United States v. Pierce Auto Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821.

Petitioners' claim that because the Commission's written decision did not specifically refer to the testimony of two witnesses such evidence could not have been considered by it, is a non sequitur. This conclusion does not follow. A commission or a court in its order or opinion rarely mentions all the evidence it heard, and there is no presumption that unless it does it must have failed to consider whatever evidence is not covered. In fact, there is no set form or rule for the Commission's report, except that it must file a written report, stating its conclusion, together with its decision and order. Manufacturers Ry. Co. v. United States, 246 U.S. 457, 38 S. Ct. 383, 62 L.Ed. 831; United States v.

Pierce Auto Lines, supra. In the case at bar there was a great deal of evidence and testimony taken—and six of the eleven members of the Interstate Commerce Commission voted to approve the tariff. It must also be noted that only one of the five dissenters directly found that the railroad was not entitled to some relief. The others objected on other grounds.

The application for interlocutory injunction is denied, the temporary restraining order dated August 13, 1953, is vacated, and the complaint is dismissed.